OBERN, Respondent, *v.* GILBERT ET AL., Appellants.

**Mortgage — Release — Covenant — Warranty — Breach.**

   Where, in a mortgage-deed of three lots with general covenants of warranty of the premises, it was provided one of the lots should be released upon the payment of a certain part of the debt, *held*, the mortgagor was entitled to a decree releasing the lot on the partial payment notwithstanding his title to the other two lots had failed where the granting clause of the mortgage was " all the right, title, interest, claim and demand" of the mortgagor to the lots. *Held, also,* there was no breach of covenant upon which the mortgagee could recover in such case.

(Argued and determined at the October Term, 1888.)

APPEAL from the district court, Lawrence county; Hon. W. E. CHURCH, Judge.

This was an action by George Obern against Sarah A. Gilbert and Nathan S. Gilbert, to foreclose a mortgage. The mortgage was given to secure the payment of fourteen promissory notes of $114.28 each. It was dated September 1, 1878, matured in fifteen months, and was upon three lots, one of which was a homestead. It contained a provision that upon the payment of $1,000, the homestead lot should be released. After nine of the notes had been paid, and there had been a default as to the balance, this action was brought to foreclose and sell all of the property for their satisfaction.

The mortgagors answered, setting up that they had complied with the conditions of the mortgage so far as it related to the homestead lot, and asked that it be decreed to be released from the operation of the mortgage. The plaintiff replied that the agreement to release was inserted upon the express representation of the mortgagors that they had good title to the other two lots; that they warranted the title and agreed to defend the same; that their representations were false, and by reason thereof, plaintiff had only the homestead for security.

The case was tried by the court, and it found that the homestead, at the time of the giving of the mortgage, was worth $900, and the other two lots about $1,500; that at that time the mortgagors occupied the two lots, but that in 1880, another person acquired title to them from the United States. It also found that prior to

the commencement of this action, the first nine notes (amounting to over $1,000) had been paid. There was no finding that there had been any express misrepresentation by the mortgagors as to the title to the lots. The court decreed that the homestead lot should be sold to pay the balance of the debt. After the denial of a motion for a new trial the defendants appealed.

The instrument was a mortgage-deed in form, but the granting part was limited in these words: "All the right, title, interest, claim and demand which the said party of the first part has in and to the following described lots." The releasing clause followed the description of the property, and was in these words: "It is understood and agreed that as soon as the sum of one thousand dollars of the sum hereby secured shall be paid, then the lot on Treasure street [the homestead], above described, shall be released from this mortgage." The warranty clause was in the usual form, being of the "premises," not the "interest," and against every person except the "United States."

The defeasance and enforcement conditions were also in the ordinary form.

*G. G. Bennett*, for appellants.

The grant was only of the mortgagors' interest and the warranty is limited to that. Lamb v. Wakefield, 1 Saw. 251; 3 Washb. 466, 474, 607; Lamb v. Kamm, 1 Saw. 238; Hope v. Stone, 10 Minn. 119; Blanchard v. Brooks, 12 Pick. 66; Allen v. Holton, 20 Pick. 458; Hoxie v. Firney, 16 Gray, 332; McNear v. McComber, 18 Ia. 12; Holbrook v. Debo, 99 Ill. 372; Kimball v. Semple, 25 Cal. 441; Gee v. Moore, 14 id. 472. The mortgagee could not have maintained an action on the warranty for a failure of title to the two lots.

The right to have the homestead released under the provision in the mortgage was clear. Such provisions have often been enforced. Jones, Mortg., §§ 79, 981; Evertson v. Ogden, 8 Paige, 275; Patty v. Pease, id. 277; Fowler v. Elwood, 66 Ill. 438; Bingham v. Avery, 48 Vt. 602.

The payment in effect released the homestead. Jones, § 974; Griswold v. Griswold, 7 Lans. 72; Fowler v. Elwood, *supra;* Merrill v. Chase, 3 Allen, 339; McNair v. Picatte, 33 Mo. 57.

*Martin & Mason,* for respondent.

This warranty is one of title. Where a party conveys all his right, title and interest and covenants to warrant and defend the premises, the covenants refer to the lands described and not the right, title or interest of the grantor. Funk v. Griswell, 5 Ia. 65; Loomis v. Bedel, 11 N. H. 74; Mills v. Catlin, 22 Vt. 104; Jackson v. Wright, 14 Johns. 193; Jackson v. Hubble, 1 Cow. 613; Williamson v. Test, 24 Ia. 138; Hubbard v. Heath, 23 Tex. 614; Taylor v. Holter, 1 Mon. 706, 3 Washb. (4th ed.) 477, Rawle Cov. 529.

The intention of the parties to the mortgage is to control in its interpretation. C. C., §§ 927, 932, 612, 935, 164. It should not be construed as a quit-claim deed. C. C., § 633, subd. 4, §§ 624, 605, 1727, subd. 2; Cadiz v. Majors, 33 Cal. 288; McDonald v. Edmonds, 44 id. 328; Clark v. Baker, 14 id. 612; Sherman v. McCarthy, 57 id. 507; Williamson v. Test, *supra.* Counsel's citations are only to such deeds.

The clause agreeing to release is modified by the provision in relation to enforcing the mortgage in case of default. Pierce v. Kneeland, 16 Wis. 673.

It would be inequitable to enforce the agreement for a partial release. He who seeks equity must do equity. Taylor v. Holter, 1 Mon. 706; Lull v. Stone, 37 Ill. 227; Clark v. Baker, 14 Cal. 612; 3 Pom. Eq., §§ 1404, 1405, 889, 899.

By the COURT:

This case is reversed on the ground that the district court erred in subjecting the homestead lot to the mortgage, it having been discharged therefrom by payment under the terms of the mortgage. There was no breach of the covenants of the mortgage upon which the mortgagee could recover. All concur.